UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| ASHLEY M. LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:19-cv-953-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## <u>INTRODUCTION</u>

Plaintiff Ashley M. Lee ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 10).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 7, 8. Plaintiff also filed a reply brief. *See* ECF No. 9. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 8) is **GRANTED**.

## <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

Plaintiff protectively filed her applications for DIB and SSI on May 5, 2015, alleging disability beginning June 30, 2010 (the disability onset date). Transcript ("Tr.") 26, 71. The claims were denied initially on November 23, 2015, after which Plaintiff requested an administrative hearing. Tr. 71-72, 81-82. On February 28, 2018, Administrative Law Judge Gregory Moldafsky

(the "ALJ") conducted a video hearing from Alexandria, Virginia. Tr. 26, 169-201. Plaintiff appeared and testified from Buffalo, New York, and was represented by Stephen Ruotsi ("Mr. Ruotsi"), an attorney from the Law Office of Kenneth R. Hiller, PLLC (the "Hiller Law Firm"). Tr. 26, 169. The ALJ issued an unfavorable decision on May 1, 2018, finding that Plaintiff was not disabled. The letter accompanying the ALJ's decision indicates it was mailed to Plaintiff, at 56 Webber St., Apt. 2, Brooklyn, NY 14215, with a copy to Mr. Ruotsi, at 6000 N. Bailey Avenue, Suite 1A, Amherst, NY 14226. Tr. 23, 25.

On October 12, 2018, nearly eight months after the February 28, 2018 hearing, and more than five months after the ALJ's May 1, 2018 decision, Kenneth Hiller ("Mr. Hiller"), from the Hiller Law Firm, sent a letter to the Appeals Council on behalf of Plaintiff requesting review of the ALJ's decision. Tr. 11-22, 44-47, 52-54. Mr. Hiller asked the Appeals Council to accept his request as timely because he allegedly did not receive a copy of the ALJ's decision until a member of his staff contacted the agency earlier that day. Tr. 11. He alleged that an employee of the hearing office confirmed to his staff member that a copy of the decision was only sent to Plaintiff. Tr. 11. The hearing office employee is never identified.  Along with the request for review, Mr. Hiller submitted an affidavit from his office manager, Cheverine Van Berkum ("Ms. Van Berkum"), stating that the law office did not receive a copy of the unfavorable decision dated, April 16, 2018 [sic].[1] Tr. 11, 19, 46, 54. She also stated that the law office was informed via a telephone conversation with the agency's hearing office on October 12, 2018 that a copy of the ALJ's decision was not sent to the representative at the time the decision was issued. Tr. 46, 54. Again no agency employee is identified.

---

[1] The actual date of the ALJ's decision was May 1, 2018. *See* Tr. 23.

On November 30, 2018, the Appeals Council sent Plaintiff a letter, notifying her that her request for review was filed late. Tr. 7-10. The letter stated that her last day to file a request for review was July 5, 2018. Tr. 7. The Appeals Council gave Plaintiff 30 days to send a statement showing the reasons the request was not filed timely. Tr. 7-8. The Appeals Council also informed Plaintiff that she could send information about when she received the notice of the ALJ's decision. Tr. 7. The Appeals Council stated that, if Plaintiff did not show that she had a good reason for filing late, they would dismiss her request for review. Tr. 8. The Appeals Council sent a copy of this letter to Mr. Ruotsi, at 6000 N. Bailey Avenue, Suite 1A, Amherst, NY 14226. Tr. 9, 10. This correspondence counsel did receive.

On December 10, 2018, Mr. Hiller submitted a letter to the Appeals Council asserting that the delay in filing the request for review "was due solely to the omissions/errors of the Office of Disability and Adjudication, unmixed with any fault on behalf of the claimant or her representatives." Tr. 42, 49. Mr. Hiller stated that a member of his staff contacted the Buffalo hearing office and was informed that, based upon the hearing office's mail log, no copy of the decision had been served upon his office. Tr. 42. He stated that his office did not receive the notice until October 12, 2018, when he immediately filed a request for review. *Id*.

On May 31, 2019, the Appeals Council issued a Notice of Order Dismissing Request for Review. Tr. 2-6. The Appeals Council concluded that Plaintiff's request for review was not filed within 60 days from the date of the notice of the ALJ's decision was presumed received. Tr. 4. After considering the statement submitted by Mr. Hiller and the affidavit from Ms. Van Berkum, the Appeals Council found that the record did not contain any objective evidence supporting these statements. Tr. 4. Accordingly, the Appeals Council found no good cause to extend the time for filing and dismissed Plaintiff's request for review. *Id*.

**LEGAL STANDARD**

If a claimant is dissatisfied with an ALJ's decision on the merits, she may request review by the Appeals Council. 20 C.F.R. §§ 404.1400(a)(4), 416.1400(a)(4); *see* 20 C.F.R. §§ 404.967-404.981, 416.1467-416.1481. To do so, the claimant must file a written request for review within 60 days after receiving notice of the ALJ's decision. 20 C.F.R. §§ 404.968, 416.1468. The agency considers a claimant to have received notice 5 days after the date on the notice unless the claimant can show that she did not receive it within the 5-day period. 20 C.F.R. §§ 404.901, 416.1401. The presumption of receipt may be rebutted only by a "reasonable showing to the contrary." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). If a claimant misses the deadline and cannot show good cause, however, the Appeals Council does not deny the request but rather dismisses it. 20 C.F.R. § 416.1471.

The dismissal of a claimant's request for Appeals Council review of an ALJ's decision is a final decision and subject to judicial review under § 405(g). *Smith v. Berryhill*, 139 S. Ct. 1765 (2019). Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, . . . .

42 U.S.C. § 405(g). In *Smith v. Berryhill*, the Supreme Court unanimously held that the Appeals Council's dismissal of a claimant's untimely request for review of an ALJ's merits decision is a "final decision . . . made after a hearing" as defined in § 405(g) and is, therefore, subject to judicial review. *Smith*, 139 S. Ct. at 1771. Dismissals are "binding and not subject to further review" by the SSA. *Id.* at 1772–73 (citing 20 C.F.R. § 416.1472). As the Supreme Court explained, the "final

decision" in such a case is "closely tethered" to the ALJ's hearing on the merits. *Id*. at 1775. Accordingly, the only potential untimeliness concerns a claimant's request for Appeals Council review—not his request for judicial review following the agency's ultimate determination. *See id*.

"When considering whether the Appeals Council erred in dismissing a claimant's request for review, the standard of review 'as to [an] overall conclusion [by the Commissioner] . . . is abuse of discretion, and substantial evidence as to any fact.'" *Jacqueline E. v. Saul*, No. 1:17-CV-414, 2020 WL 1234949, at *4 (W.D.N.Y. Mar. 13, 2020) (quoting *Smith*, 139 S. Ct. at 1779 n.19). Generally, "even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Jacqueline E. v. Saul*, 2020 WL 1234949, at *4 (collecting cases). "When considering whether the Appeals Council erred in dismissing a claimant's request for review, the standard of review 'as to [an] overall conclusion [by the Commissioner] . . . is abuse of discretion, and substantial evidence as to any fact.'" *Id*. (quoting *Smith*, 139 S. Ct. at 1779 n.19); *see also Walker v. Comm'r of Social Sec.*, No. 6:12-CV-1025, 2013 WL 3833199, at *3 (M.D. Fla. July 23, 2013) ("In conducting a review of the Appeals Council's decision, the Court considers whether the Appeal's Council's decision that claimant did not demonstrate good cause for an untimely request for review is arbitrary or capricious, *i.e.* whether the Appeals Council abused its discretion.") (citation omitted). "Even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Steven N. v. Berryhill*, No. 1:16-CV-427, 2018 WL 6629681, at *10 (D. Vt. Dec. 19, 2018) (citing 42 U.S.C. § 405(g)).

"In an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Shari L. v. Saul*, No. 1:19-CV-851 (ATB), 2020 WL 3971510, at *2 (N.D.N.Y. July 14, 2020) (citing *Smith*, 139 S. Ct. at 1780 (footnote omitted)). Accordingly, a court's determination that the Appeals Council abused its discretion in dismissing plaintiff's request for review as untimely should generally result in a remand order directing the Appeals Council to address the underlying merits of a claimant's appeal. *See Shari L. v. Saul*, 2020 WL 3971510, at *2. "[A] federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question." *Smith*, at 139 S. Ct. (footnote omitted); *see also Drake v. Comm'r of Soc. Sec.*, No. 5:14-CV-691-OC-18PRL, 2016 WL 3763225, at *1 (M.D. Fla. June 17, 2016), *report and recommendation adopted*, No. 5:14-CV-691-OC-18PRL, 2016 WL 3753485 (M.D. Fla. July 13, 2016) ("Thus, although Plaintiff attempts to challenge the substance of the ALJ's unfavorable decision and why he failed to properly evaluate the medical evidence, the only issue before the Court is whether the Appeals Council's refusal to extend time was unreasonable or arbitrary.")

## ANALYSIS

Plaintiff argues that her request for review was timely because the 60-day period did not begin to run until Plaintiff's attorney received the ALJ's decision. *See* ECF No. 7-1 at 4. Accordingly, Plaintiff asks the Court to find that her request for review of the ALJ's May 1, 2018 decision was made timely. *See id.* at 8. In the alternative, Plaintiff asks the Court to find that Plaintiff established good cause for her late filing of the request for review. *See id.* In sum, Plaintiff asks the Court to vacate the Appeals Council's dismissal and to remand the case to the Appeals Council for review of the ALJ's decision on the merits. *See id.* For the reason explained below,

the Court finds that the statements submitted to the Appeals Council do not rebut the presumption of receipt, and substantial evidence supports the Appeals Council's conclusion that Plaintiff's request for review of the ALJ's decision was untimely. As such, the Appeals Council did not abuse its discretion in dismissing Plaintiff's request for review.

As noted above, Plaintiff's attorney asserts he did not receive a copy of the ALJ's decision until October 12, 2018, when his staff member called the agency to follow up on the case. Tr. 11, 19. In paragraph 9 of Plaintiff's complaint (the "Complaint"), Plaintiff's counsel admits that the agency mailed the decision but then states it was not received until October 12, 2018. *See* ECF No. 1 at 1, ¶ 9 ("The Commissioner mailed the ALJ denial the unfavorable decision of the ALJ to Plaintiff's counsel. However, Plaintiff's counsel did not receive the decision until October 12, 2018."). Despite this statement, Plaintiff's counsel repeatedly asserts throughout his brief and the attachments thereto that the agency informed his office that the decision was not mailed to his office. *See generally* ECF Nos. 7-1; 7-2; 7-3.

The statements in Plaintiff's Complaint constitute a judicial admission. *See, e.g., Rojas v. Roman Catholic Diocese of Rochester*, 783 F. Supp. 2d 381, 407 (W.D.N.Y. 2010), *aff'd*, 660 F.3d 98 (2d Cir. 2011) (citing *Clarke v. JPMorgan Chase Bank, N.A.*, 2010 WL 1379778 at *14 (S.D.N.Y. Mar. 26, 2010) ("it is well established that a party cannot contradict its own pleading with affidavits.") (citations omitted); *Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99 CV 10452(GBD), 2004 WL 2914093 at *6 (S.D.N.Y. Dec. 15, 2004) ("Those factual allegations [in plaintiffs' amended complaint] are judicial admissions that bind plaintiffs throughout the course of the litigation. Based on this judicial admission in the Complaint, the only issue is whether the notice was timely received, not whether it was ever sent.

In addition to Mr. Hiller's statement and Ms. Van Berkum's affidavit, Plaintiff submitted to the Court the affirmation of Hiller Law Firm employee Thomas Conway ("Mr. Conway") (ECF No. 7-4); and a redacted copy of a screenshot of the history log from "Prevail," the case management software utilized by the Hiller Law Firm (ECF No. 7-5). According to Ms. Van Berkum's affidavit, the Prevail software "documents what has been done on this case." ECF No. 7-3 at 1. Ms. Van Verkum further states that "[o]ur office has a very strict policy to promptly scan all mail and facsimile transmissions received either the day it is received, or the very next day." *See id*. at 2. The Court notes that neither Mr. Conway's affirmation nor the Prevail log were submitted to the Appeals Council.[2]

Plaintiff's attorney argues that the evidence cited above is sufficient to rebut any presumption that the ALJ decision was mailed to Plaintiff's counsel. *See* ECF No. 7-1 at 7. The Court disagrees. The conclusory statements of Plaintiff's attorney and the statements of his staff member do not provide objective evidence to rebut the presumption of receipt. *See Liranzo v. Commissioner of Social Security*, 411 F. App'x 390, 391 (2d Cir. 2011) (plaintiff's allegations were insufficient to make a reasonable showing required to overcome presumption of receipt); *Velez v. Apfel*, 229 F.3d 1136 (2d Cir. 2000) (a "conclusory allegation" of non-receipt does not constitute a reasonable showing) (unpublished opinion). Thus, a plaintiff must "do more than assert that [she] did not receive the notice within five days." *Sherwood v. Berryhill*, No. 17 CIV. 5015

---

[2] Plaintiff cites *Casey v. Berryhill* to argue that the Appeals Council should have informed Plaintiff and her attorney it needed more compelling evidence before finding that the evidence submitted was insufficient. *See* ECF No. 9 at 3-4 (citing *Casey v. Berryhill*, 853 F.3d 322, 328 (7th Cir. 2017)). Plaintiff's argument is unavailing as *Casey* is clearly distinguishable from the present case. In *Casey*, the Appeals Council granted Casey's request for more time and invited him to submit additional evidence or legal argument "on the issues considered in the hearing decision" (*i.e.*, on the merits) within twenty-five days. *Casey*, 853 F.3d at 325. Thereafter, the Appeals Council dismissed Casey's request for review without addressing the merits. *Id*. It was against this backdrop of the Appeals Council's "inexplicable U-turn" and "bureaucratic bait-and-switch" that the court disapproved of the Appeals Council's attempt to fault Casey "for failing to divine what sort of additional evidence it might deem necessary to support a decision the Council had already made in his favor. *Id*. at 329. That is not the case here.

(GWG), 2018 WL 4473336, at *4 (S.D.N.Y. Sept. 18, 2018) (quoting *Hall v. Colvin*, 2017 WL 4339664, at *3 (S.D.N.Y. Sept. 29, 2017) (internal quotation marks and citations omitted); *Rodriguez v. Comm'r of Soc. Sec.*, 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1980) (the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing").

Plaintiff's attorney attempts to place the burden on the agency to prove that the notice was mailed timely, arguing that the address on the ALJ's decision was not enough to show that the decision was mailed to him. *See* ECF No. 7-1 at 8. As noted above, Plaintiff's attorney claims that an agency employee told his staff member that the ALJ's May 1, 2018 decision was never sent to his office. Tr. 11, 19, 42.  Despite these claims, the October 12, 2018 Report of Contact from the SSA employee suggests that the ALJ decision was mailed on May 1, 2018. *See* Tr. 41 ("rep's office [d]id not get Notice of Decision mailed 5/1/18"). The Court can fathom no reason why the agency employee would document one thing and tell a caller something different—especially where, as here, it is the caller, rather than the agency employee, who has something to prove (or lose).

Furthermore, "[t]he Commissioner is entitled to a presumption that the information provided by her employees is correct." *Langella v. Bush*, No. 03 CIV.5114(RWS), 2004 WL 2668400, at *11 (S.D.N.Y. Nov. 22, 2004), *aff'd*, 161 F. App'x 140 (2d Cir. 2005) (citing *United States v. Chemical Foundation*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.")). In order to overcome this presumption, Plaintiff's attorney must come forward with "well-nigh irrefragable proof" that the government did not follow a mandated procedure. *Knotts v. United States*, 121 F. Supp 630, 631

(Ct. Cl. 1954). Plaintiff's attorney has failed to come forward with such proof here, as demonstrated by the lack of evidence supporting allegations that the agency told a law firm staff member that the decision was never mailed to counsel, as well as the admission in Plaintiff's Complaint that the agency mailed the decision to the law firm (*see* ECF No. 1 at 1, ¶ 9).

Notably, the record does not indicate that the mailings of the ALJ's decision were returned to the agency as undeliverable. Rather, the ALJ decision was addressed to the same address that Plaintiff's counsel listed on her Appointment of Representative form (*compare* Tr. 25 to Tr. 168) and the same address to which the Appeals Council's dismissal order was sent (*compare* Tr. 5 and 6 to ECF No. 1 at 3). As noted above, counsel did receive the Appeals Council's dismissal order.

Also absent from the record is any evidence indicating that Plaintiff did not receive notice of the ALJ's unfavorable decision. The record indicates that the May 1, 2018 notice of the ALJ's decision was mailed to both Plaintiff and her attorney. Tr. 23, 25. Thus, even if Plaintiff's attorney did not receive the notice as he claims, he has presented no evidence rebutting the presumption that Plaintiff received notice of the May 1, 2018 ALJ's decision. In fact, Mr. Hiller concedes that Plaintiff "may have received a copy" of the decision. Tr. 11. Perhaps, if Plaintiff had likewise averred no receipt of the notice, and evidence of such had been presented to the Appeals Council, that might have been sufficient to rebut the presumption. However, that is not the case here. Failure to come forward with such proof lends strong credence to the fact that Plaintiff was on notice.

With respect to the screenshot of the history log from the Hiller Law Firm's case management software, the Court finds it unpersuasive, as it shows only that on October 12, 2018 the law firm recognized that several months had passed since Plaintiff's hearing, and it did not have the ALJ's decision. *See* ECF No. 7-5. It does not necessarily prove that the law firm did not receive a copy of the decision. Rather, it demonstrates a lack of diligence—whether intentional or

not—on the part of Plaintiff's attorney. Plaintiff's attorney cites several cases in which he alleges that the sixty-day period does not begin to run until a claimant's attorney receives notice of an Appeals Council decision. ECF No. 7-1 at 4. However, as the court noted in *Bartolomie v. Heckler* (one of the cases Plaintiff cites), the regulations require only that a claimant's representative shall be *sent* notice and a copy of any administrative action, determination, or decision. *Bartolomie v. Heckler*, 597 F. Supp. 1113, 1116 (N.D.N.Y. 1984) (citing 20 C.F.R. 404.1715(a)(1)). Where, as here, the record indicates that the notice was sent to Plaintiff's attorney, his conclusory allegations of non-receipt are insufficient to overcome the presumption of receipt. *Velez v. Apfel*, 229 F.3d 1136.

Furthermore, as noted above, neither the Prevail Log nor Mr. Conway's affirmation were submitted to the Appeals Council. Despite Plaintiff's opportunity to provide the Appeals Council with this additional evidence, Plaintiff failed to do so. As noted above, the issue before the Court is whether the Appeals Council abused its discretion when it dismissed Plaintiff's appeal and upheld the ALJ's decision as the final decision of the Commissioner, based on its determination that Plaintiff's request for review was untimely filed, and she failed to provide good reason for her late filing. To determine whether the Appeals Council abused its discretion, the Court's review is limited to the record before the Appeals Council. "Even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Steven N. v. Berryhill*, 2018 WL 6629681, at *10 (internal citation omitted). Based on that standard, it was clearly within the Appeals Council's discretion to dismiss Plaintiff's request for review based on such circumstances. *See* 20 C.F.R. § 404.971 ("The Appeals Council

will dismiss your request for review if you did not file your request within the stated period of time and the time for filing has not been extended.").

Plaintiff also suggests that the documents submitted in this case were sufficient to rebut the presumption of receipt in a similar case "under a theory of equitable tolling." *See* ECF No. 7-1 at 6 (citing *Morton v. Colvin*, 2014 WL 5308026 (W.D.Pa. 2014) (affidavits from employees describing "strict procedures" for placement of notices enough to rebut presumption of receipt)). However, the theory of equitable tolling is not applicable here. The question here is the untimeliness of Plaintiff's request for Appeals Council review—not her request for judicial review following the agency's ultimate determination. The Appeals Council's order dismissing Plaintiff's request for review was issued on May 31, 2019 (Tr. 5), and Plaintiff filed her complaint on July 22, 2019 (*see* ECF No. 1). Because the Appeals Council's dismissal on timeliness grounds qualifies as a "final decision . . . made after a hearing" for purposes of allowing judicial review under § 405(g), Plaintiff's complaint was timely filed. *Smith v. Berryhill*, 139 S. Ct. at 1775.

Finally, contrary to Plaintiff's argument, the Appeals Council was properly within its discretion to dismiss the request for review. Tr. 2-6. *See* 20 C.F.R. §§ 404.967, 416.1467. The Appeals Council's review is discretionary: It may deny even a timely request without issuing a decision. *See* § 416.1481. Here, the Appeals Council acknowledged that it could extend the time for filing if good cause is shown for missing the deadline. Tr. 4. *See* 20 C.F.R. §§ 404.968(b), 416.1468(b). However, for the same reasons discussed above, the Appeals Council found that the statements submitted from Plaintiff's attorney and the attorney's office manager did not support a finding of good cause. Tr. 4, 11, 19. Plaintiff's attorney presented no evidence, other than his own statement and that of his office manager, asserting that the ALJ's decision was not mailed to or received by the law firm. In addition, there is no evidence, or allegation, that Plaintiff did not

receive the ALJ's decision as mailed to her address. Plaintiff's counsel could have marshalled better evidence to submit to the Appeals Council in his request for review, but he failed to do so. *See Perry v. Comm'r of Soc. Sec.*, No. 1:17-CV-01306-MAT, 2020 WL 360979, at *1 (W.D.N.Y. Jan. 22, 2020).

In *Perry,* the Hiller Law Firm presented similar evidence as in the present motion before the Court. Noticeably absent in this case is an affidavit from the person responsible for scanning the receipt of mail, identified in *Perry* as an Elaine Hartman. However, as stated, the affirmation of Mr. Conway and the Prevail log were not submitted to the Appeals Council, nor was any affirmation from Mr. Hiller submitted to the Appeals Council. In fact, Mr. Hiller's the letter to the Appeals Council dated December 10, 2018 states that his staff member contacted the Buffalo Office of Hearing Operations and was informed that the mail log demonstrated no mailing to his office. *See* Tr. 42.  However, the only affidavit before the Appeals Council (the affidavit of Ms. Van Berkum) stated that a representative of the firm contacted the Falls Church Office of Hearing Operations, and a representative confirmed no mailing. Tr. 19. The agency cannot be blamed for Plaintiff's confusing and contradictory positions. Based on the foregoing, Plaintiff has not made a reasonable showing to rebut the presumption of receipt.

Accordingly, the Appeals Council properly concluded that the statements of Plaintiff's attorney and his office manager were not supported by objective evidence, and its decision was not an abuse of discretion. *See Velez v. Apfel*, 229 F.3d 1136 (dismissal of case upheld where plaintiff made no "reasonable showing" beyond her conclusory allegation that she never received the notice); *Jacqueline E. v. Saul*, 2020 WL 1234949, at *4 (citing *Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001) ("The scope of [the court's] review is very limited. It cannot

put itself in the decision maker's place. It cannot conclude that the Appeals Council abused its discretion just because the [c]ourt might have ruled differently on the same set of facts.")).

After reviewing the Complaint, along with the motions and accompanying exhibits submitted by the parties, the Court will not disturb the Appeals Council's dismissal. *See Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013) (observing courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied") (internal quotation marks omitted).

## <u>CONCLUSION</u>

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE